**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **American Immigrant Investor Alliance** )<br> 853 New Jersey Avenue SE )<br> Unit 455 )<br> Washington, D.C. 20003-5079 )<br> )<br> Plaintiff, )<br> )<br>v. )<br> )<br> **United States Citizenship and Immigration** )<br> **Services** )<br> 5900 Capital Gateway Drive )<br> Mailstop 2120 )<br> Camp Springs, MD 20588-0009 )<br> )<br> Defendant. )<br> ) | **COMPLAINT**<br><br>Case No.: 1:26-cv-2505 |

**<u>COMPLAINT</u>**

1.      There is a "persistent lack of clarity in USCIS's official disclosures about the EB-5 program…" *Da Costa v. Immigr. Inv. Program Office*, 80 F.4th 330, 346 (D.C. Cir. 2023). There is no excuse for the United States Citizenship and Immigration Services' ("USCIS" or "the Agency") continued withholding of information from immigrant investors, who rely on it to make one of the most important investments of their lives. Therefore, Plaintiff, a Washington D.C.-based 501(c)(4) that informs, educates, and advocates on behalf of all EB-5 investors worldwide, continues its efforts to capture and publicly circulate this vital information from the Agency through the *Freedom of Information Act* ("FOIA"). Yet, notwithstanding the clear requirements of FOIA, the Agency continues to ignore the law.

2.      Indeed, Plaintiff has previously filed several similar FOIA requests and was forced litigate the Agency's unlawful delay in timely producing the relevant responsive documents and data.

3.      The first action came from the Plaintiff's FOIA request submitted in May 2023 (the "First Request"). *See AIIA v. USCIS*, 1:23-cv-02066-CKK, ECF Doc. No. 1 (Jul. 18, 2023) (the "First Lawsuit"). Only after the First Lawsuit did the Agency provide the requested data. Due to Defendant's delay, by the time Plaintiff received the information, it was already outdated.

4.      In December 2023, Plaintiff submitted a new FOIA request (the "Second Request"), seeking updated data from the First Request. Defendant's response to the Second Request was also unlawfully delayed, and once again, Plaintiff was forced to sue. *See AIIA v. USCIS*, 1:24-cv-170, ECF Doc. No 1 (January 19, 2024) (the "Second Lawsuit").

5.      The Second Lawsuit was settled, but the central issue of the suit persisted. Defendants' response to Plaintiff's Second Request was so delayed that the data produced was also outdated by the time Plaintiff received and published it.

6.      Due to Defendant's refusal to transparently engage with EB-5 investors, Plaintiff had to file another request for updated information regarding EB-5 petition volume (the "Third Request"). Unsurprisingly, the Third Request had been met with similar unlawful delay, to which Plaintiff turned to filing another lawsuit. *See AIIA v. USCIS*, 1:24-cv-02637, ECF Doc. No. 1 (September 13, 2024) (the "Third Lawsuit").

7.      The Third Lawsuit was settled, but the central issue did not abate. Plaintiff had to file yet another request for updated information regarding EB-5 petition volume (the "Fourth Request"). True to form, Defendant failed to timely respond to Plaintiff's FOIA request, so Plaintiff filed yet another lawsuit. *See AIIA v. USCIS*, 1:25-cv-00811, ECF Doc. No. 1 (March 19, 2025) (the "Fourth Lawsuit").

8.      Though the Fourth Lawsuit was settled, the same issue continued.

9.      Plaintiff filed another request August 2025 (the "Fifth Request"), requesting reports of I-

526 and I-526E filings of various countries of chargeability between April 1, 2022 and July 31, 2025 (Control Number: COW2025003717). As expected, Defendant did not timely respond to Plaintiff's FOIA request, so Plaintiff had no choice but to file yet another lawsuit. *See AIIA v. USCIS*, 1:25-cv-03212, ECF Doc. No. 1 (September 15, 2025) (the "Fifth Lawsuit").

10.    Despite the litigation efforts outlined above, Defendant seems reticent to change its pattern of unlawfully delayed responses to FOIA requests.

11.    This instant action involves another request, filed on June 2, 2026 (the "Sixth Request"), requesting reports of I-526 and I-526E filings of various countries of chargeability between April 1, 2022 and May 31, 2026 (Control Number: COW2026005307).

12.    To date, the Agency has failed to produce either an acknowledgment letter or its response to that request. For the sixth time, Plaintiff returns to this court to compel the Agency to enforce the law.

13.    As the Agency has not acknowledged the Request, it is most certainly not working on the Request.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff's claims arise under the laws of the United States, specifically the *Freedom of Information Act* ("FOIA").

15.    This Court may grant relief pursuant to 5 U.S.C. § 552 (*Freedom of Information Act*).

16.    This Court also has authority to grant relief under the Declaratory Judgment Act (28 U.S.C. § 2201).

17.    Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) because the Agency records are situated in this District, and the Agency may be sued in this District. Venue is also proper under

U.S.C. § 1391(e)(1)(A) because Defendant resides in this District and a substantial portion of the events giving rise to this action occurred in this District. Specifically, Defendant's Immigrant Investor Program Office ("IPO") is located in Washington, D.C., and upon information and belief, all associated records are located there.

18.      Plaintiff is deemed to have exhausted all administrative remedies because the agency "fail[ed] to comply with the applicable time limit provisions of [5 U.S.C. § 552(a)(6)(C)(i)]." 5 U.S.C. § 552(a)(6)(C)(i).

19.      Declaratory relief is appropriate under 28 U.S.C. § 2201.

20.      Injunctive relief is appropriate under 28 U.S.C. § 2202 and 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

21.      Plaintiff American Immigrant Investor Alliance (hereafter "AIIA") was founded in April 2021 as a Washington D.C.-based 501(c)(4) non-profit to inform, educate, and advocate on behalf of all EB-5 investors from around the world.[1] As one of the only EB-5 focused organizations whose sole focus is on immigrant investors, AIIA strives to be an authoritative, investor-focused advocacy organization representing the interests of all EB-5 investors regardless of their country of birth, adjudication status, or prior residency in the United States. When the EB-5 Regional Center program lapsed in June 2021, impacting the immigration process of over 80,000 individuals for several months, AIIA advocated for the grandfathering of all existing applicants and successfully lobbied Congress for the enactment of their grandfathering proposal in the EB-5 Reform and Integrity Act ("RIA"), which passed in March 2022. Over 500+ EB-5 investors donated to support AIIA on that effort, and many continue to join the organization every day to

---

[1] *See generally* American Immigrant Investor Alliance, *available at* http://goaiia.org (*last accessed* July 17, 2026).

advocate for this community and the issues that impact them. AIIA continues to advocate on behalf of investors in the legislative, administrative, and judicial branches, as well as investment spaces.

22.     Defendant USCIS is a United States government agency within the meaning of 5 U.S.C. § 552(f)(1). USCIS is a component of the Department of Homeland Security ("DHS"), an agency within the Executive Branch. Among other duties and responsibilities, USCIS is responsible for adjudicating EB-5 related benefits, as well as the formation and execution of related EB-5 policies and procedures. USCIS has the possession and control of the public records that Plaintiff requested under the FOIA statute, and the duty to provide the same.

## STATUTORY FRAMEWORK

*EB-5 Program, I-526 Petitions, and Permanent Residency*

23.     Congress created the EB-5 Program in 1990 to stimulate the U.S. economy through job creation and capital investment by foreign investors. Generally, an EB-5 visa is available to a foreign national who invests the requisite amount of capital into a new commercial enterprise that creates ten full-time jobs for lawful American workers. 8 U.S.C. § 1153(b)(5).

24.     To obtain an EB-5 permanent resident card ("Green Card"), a foreign investor must complete three separate steps to obtain unconditional permanent resident status. First, the investor must submit a Form I-526 or Form I-526E Petition and supporting documentation demonstrating that the required capital has been committed and is actually at risk; that the investment is made from the entrepreneur's own lawfully acquired funds; and the existence of a comprehensive business plan demonstrating that the investment will create ten full-time jobs. 8 C.F.R. § 204.6(j).

25.     Anyone can file a Form I-526/E petition, regardless of backlogs. U.S. immigration law severely limits the number of immigrant *visas* that can be issued, but there is no numerical limit on the number of immigrant *petitions* that can be filed, thus fueling extensive visa backlogs.

26. If, when filing the Form I-526/E petition, an immigrant visa is available and the investor is located in the United States in another form of nonimmigrant (temporary) immigration status, the investor may concurrently file Form I-485, Application to Adjust Status. If it is not available at the time of filing the Form I-526/E, an investor must wait until an immigrant visa becomes available to file Form I-485.

27. Second, after the Form I-526/E is approved, a foreign investor residing within the United States may submit a Form I-485 to adjust status to that of a conditional lawful permanent resident, if they have not already done so concurrently. If the investor is abroad, the investor will process a Form DS-260 immigrant visa application through the local consulate that has jurisdiction over the case. *See* 8 U.S.C. § 1186b(a)(1); 8 C.F.R. § 245.1(h).

28. Conditional permanent residency expires two years after it is granted. 8 U.S.C. §§ 1186b(a)(1), (d)(2)(A).

29. Near the end of the two-year conditional permanent residency period, the investor and their dependents must complete a third step to acquire full, unconditional lawful permanent residency. *Id.* at §1186b(d)(2)(A).

30. The investor must file Form I-829, Petition by Investor to Remove Conditions on Permanent Resident Status within 90 days of the second anniversary of receipt of such status: "a petition [to remove conditions] shall be filed during the 90-day period immediately preceding the second anniversary of the alien investor's lawful admission for permanent residence." *Id*.

31. The investor must submit evidence that the investment remained at risk during the entire period of conditional permanent residency and either that the investment created at least ten full-time jobs for American workers, or that the jobs will be created through a comprehensive business plan. 8 C.F.R. § 216.6(c)(1).

*I-526/I-526E Petition Backlogs and Visa Availability*

32.     Whether or not a visa is available depends on three factors: (1) their visa classification, (2) their country of chargeability[2], and (3) their priority date.

33.     The Visa Bulletin determines whether a visa is available, and subsequently, whether investors may submit their Forms I-485, or Forms DS-260 if applying abroad, based on an approved or pending Form I-526/I-526E.[3]

34.     The date that USCIS receives the Form I-526/E is known as the "priority date" and is found at the top of the receipt notice. The priority date is effectively a cut-off that is used to determine if an immigrant visa or Green Card is available to the applicant. This establishes the applicant's proverbial "place in line" for their visa category.

35.     Visa availability changes regularly. Determining which priority date is at the "front" of the line requires a monthly calculation of visa availability per category. The United States Department of State accordingly establishes cut-off dates for both the *filing* of Adjustment of Status Applications and the ultimate *adjudication* of those applications in a document known as the "Visa Bulletin."

36.     The monthly Visa Bulletin contains two charts for immigrant applicants. Chart A is known as the "Final Action Dates Chart," authorizing lawful permanent residency to be granted to immigrants whose priority date is earlier than the final action date.

---

[2] An immigrant is generally chargeable to the country of their birth, irrespective of their current country or countries of citizenship. *See* 8 U.S.C. § 1152(b).

[3] *See* U.S. Citizenship and Immigration Services, "Adjustment of Status Filing Charts from the Visa Bulletin" *available at* https://www.uscis.gov/green-card/green-card-processes-and-procedures/visa-availability-priority-dates/adjustment-of-status-filing-charts-from-the-visa-bulletin (*last accessed* July 17, 2026); *see also* U.S. Department of State – Bureau of Consular Affairs, "The Visa Bulletin," *available at* https://travel.state.gov/content/travel/en/legal/visa-law0/visa-bulletin.html (*last accessed* July 17, 2026).

37.    Chart B is known as the "Dates for Filing" chart, often (but not always) allowing immigrants to *file* their Adjustment of Status applications if their priority date is earlier than the date of filing, even though their priority date could be years earlier than the Chart A Final Action Date. USCIS announces which chart applies monthly.

38.    Certain countries of chargeability have longer wait times than others. Sometimes, the visa availability can also retrogress, meaning their case gets put on hold longer.

39.    For example, there is an approximate 12-year backlog for India-chargeable immigrants in the EB-2 advanced degree category. But the actual wait time could be roughly twice as long as the modern Republic of India's existence.[4]

40.    Following an alleged lapse, on March 18, 2022, the EB-5 Regional Center program was reauthorized by Congress, and the new *EB-5 Reform and Integrity Act* ("RIA") created new EB-5 immigrant visa set-aside categories, separating post- RIA filed EB-5 petitions into four different categories: 5th Unreserved, 5th Set Aside: Rural (20%), 5th Set Aside: High Unemployment (10%), and 5th Set Aside: Infrastructure (2%). 8 U.S.C. § 1153(b)(5).

41.    Subsequently, the Department of State separated I-526/E petitions into four different categories on the Visa Bulletin.[5]

42.    This was a monumental development and sent EB-5 demand soaring in previously dormant countries. For example, some industry insiders had projected that People's Republic of China-

---

[4] *See, e.g.,* Bier, David, *150-Year Wait for Indian Immigrants With Advanced Degrees*, *available at* https://www.cato.org/blog/150-year-wait-indian-immigrants-advanced-degrees (*last accessed* July 17, 2026).

[5] *See supra* note 2.

chargeable investors filing in 2019 had a sixteen-year long wait for an EB-5 visa.[6] Now, because of the new visa set-aside categories, new Chinese EB-5 investors were "current", meaning they could obtain EB-5 Green Cards decades before their fellow Chinese investors that filed three years earlier.

43.     However, since March 2022, very little information has reached the public regarding the post-RIA EB-5 petition inventory. Following extensive backlogs which have accumulated in the employment-based categories and EB-5 unreserved (mostly pre-RIA) category, current and incoming EB-5 investors have urgently sought out information about the number of petitions USCIS has received for the set aside categories.

44.     Significantly, the Visa Bulletin does not indicate how many Forms I-526/E have been filed. Without knowing the number of I-526/E filings by country for the new set-aside categories, prospective investors from historically oversubscribed countries cannot judge their future visa availability and cannot choose to avoid exacerbating backlogs.

45.     At the April 2023 EB-5 Stakeholder Engagement, Kevin Muck, then-Division Chief at IPO, was asked about reporting I-526/I-526E receipt data by TEA category/country, for the purpose of monitoring and avoiding backlogs in the new TEA categories.[7] Mr. Muck responded that stakeholders should consult the Visa Bulletin and see that the current Visa Bulletin reports TEA categories as "current." *Id.* Not only does this evasive answer confuse the public about the

---

[6] *See* Francis, Laura D., *Sixteen-Year Visa Wait Keeping Chinese Investors Away From U.S., available at* https://news.bloomberglaw.com/daily-labor-report/sixteen-year-visa-wait-keeping-chinese-investors-away-from-u-s (*last accessed* July 17, 2026).

[7] *See* Lucid Professional Writing, "An Open Letter to Kevin Muck at IPO About I-526 Data and Avoiding EB-5 Backlogs" (Apr. 25, 2023), *available at* https://blog.lucidtext.com/2023/04/25/an-open-letter-to-kevin-muck-at-ipo-about-i-526-data-and-avoiding-eb-5-backlogs/ (*last accessed* July 17, 2026).

function and methodology of the Visa Bulletin, but it sends a misleading message to investors about backlogs that start with I-526 filings.

46.     This response from a ***senior director*** is unacceptable, as prospective EB-5 investors should be informed about the EB-5 backlogs, if any, building at USCIS in order to make informed decisions for their investment and immigration. As past EB-5 investors now stuck in retrogression know too well, even though a visa category may be current this month, it is not indicative of how many investors have I-526 petitions awaiting processing in USCIS storage facilities due to glacial processing times, triggering EB-5 retrogression.

47.     Despite Mr. Muck's dismissive comments, such information is generally readily available and made public in other contexts. For example, USCIS published the number of Forms I-140 (EB-1, 2, and 3), I-360 (EB-4), and pre-RIA I-526 approved employment-based petitions awaiting visa availability by preference category and country of birth as of Fiscal Year 2025 Q2.[8]

48.     Moreover, upon information and belief, USCIS provides the U.S. Department of State (which publishes the Visa Bulletin) its pending and approved petition inventory on a monthly basis, including inventory for some specific countries (e.g. Mexico, India, and China).

49.     In any event, it does not appear that USCIS has ever publicly published the number of pending, post-RIA EB-5 petitions, at least outside of the outcome of the Plaintiff's previous litigation efforts.

50.     EB-5 related filings are the most expensive in the entire United States immigration system.[9]

---

[8] *See* USCIS, *Immigration and Citizenship Data*, *available at* https://www.uscis.gov/tools/reports-and-studies/immigration-and-citizenship-data (*last accessed* July 17, 2026).

[9]     *See* USCIS, Form G-1055 - Fee Schedule, *available at* https://www.uscis.gov/sites/default/files/document/forms/g-1055.pdf (*last accessed* July 17, 2026).

51.     It makes sense then that a user-funded agency complaining of low funding would seek to encourage as many high-priced filings as possible by obfuscating information that could diminish future demand.

52.     USCIS' failure to respond to Plaintiff's FOIA request and persistence in either holding back important information or posting information that fails to reflect current law and operations is in bad faith.

*FOIA*

53.     Pursuant to 5 U.S.C. § 552(a)(3)(A), an agency is required to promptly make disclosable records available upon request.

54.      An agency has twenty (20) business days from the day of receiving a request to determine whether to comply with the request and provide the reasons therefor. 5 U.S.C. § 552(a)(6)(A).

55.     Under "unusual circumstances," an agency may request an extension of not more than ten (10) business days to respond to the request. 5 U.S.C. § 552(a)(6)(B).

56.     Under such circumstances, the deadline "may be extended by **written notice** to the person making such request setting forth the unusual circumstances for such extension and the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i) (emphasis added).

57.     Thereafter, the agency is only permitted to withhold responsive records if the records fall under one of the nine enumerated exceptions in 5 U.S.C. § 552(b)(1)-(9).

58.     If the agency makes a request to the requester for information or clarification, the twenty-day period may be tolled while it is awaiting such information. 5 U.S.C. § 552(a)(6)(A)(ii). The tolling period ends upon the agency's receipt of the requester's response to the agency's request for information or clarification. *Id.*

59.     A FOIA requestor may request the district court "to enjoin the agency from withholding

11

agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTUAL ALLEGATIONS

60.     In the First Lawsuit, the Agency produced the information requested therein, without redactions, in response to Plaintiff's litigation.

61.     Indeed, the Agency admitted in its Answer that there was public interest in the records requested. *See AIIA v. USCIS,* 1:23-cv-02066-CKK, ECF Doc. No 7.

62.     Following the First Lawsuit, Plaintiff publicly posted the data provided by the Agency.[10]

63.     On November 15, 2023, Plaintiff also produced a webinar about the data released, which received hundreds of views.[11] The webinar included a former U.S. Department of State official who provided valuable interpretation of the data provided.

64.      However, the information contained in the webinar was necessarily dated given Defendant's late response to the FOIA request at issue in the First Lawsuit. Defendant refused to continuously provide updated and detailed statistics vital to understanding EB-5 program demand. Accordingly, on December 1, 2023, Plaintiff submitted a new FOIA request ("Second Request") to Defendant. True to form, Defendant failed to timely respond to the Second Request, forcing Plaintiff to initiate the Second Lawsuit on January 19, 2024 to compel Defendant to respond to the Second Request.

65.      Plaintiff filed the Third Request and, subsequently, the Third Lawsuit because of the

---

[10] *See* AIIA, *AIIA FOIA Series: I-526E Inventory Data Backlog for Assessment*, Nov. 13, 2023, https://goaiia.org/aiia-foia-series-526e-inventory-data-april23/ (*last accessed* July 17, 2026).

[11] *See* AIIA*, Webinar: April 2023 I-526E Inventory Data for Visa Backlog Assessment*, Dec. 5, 2023, https://www.youtube.com/watch?v=r1fnwd6nUKo (*last accessed* July 17, 2026).

Agency's pattern of delayed responses.

66.     The data USCIS produced in response to litigation is clearly of interest to the public as data from the Third Request was cited in a report in *The New York Times.*[12]

67.     Plaintiff filed the Fourth Request, and subsequently, the Fourth Lawsuit because of the Agency's pattern of delayed responses.

68.     Plaintiff filed the Fifth Request, and as they anticipated, the Fifth Lawsuit due to the Agency's pattern of delayed responses.

69.     At this time, the preceding litigation matters have been settled, but Defendant has yet to address or alter its pattern of delay.

70.     Due to Defendant's delay in producing the data in response to Plaintiff's FOIA requests and apparent refusal to make this data public of their own accord, Plaintiff is forced to file this instant action based on the Agency's delay in producing records to Plaintiff's Sixth Request.

71.     To date, USCIS has either refused or neglected to make information about EB-5 processing backlogs available, despite the consistent demand for transparency within the EB-5 community, which sparked these multiple FOIA requests. USCIS has consistently failed to timely respond to Plaintiff's FOIA requests as required by law, which necessitated multiple lawsuits and multiple follow-up FOIA requests, including the FOIA request at issue in this Complaint.

72.     Defendant has failed to timely respond to Plaintiff's Sixth Request, and has failed to even produce an acknowledgement letter recognizing Plaintiff's Sixth Request. Now, Plaintiff has been forced to seek judicial intervention yet again. It should not take multiple lawsuits to make salient

---

[12] *See* Kessler, Sarah, *Trump's 'Gold Card' Set Off Panic in an Unexpected Place: Real Estate, available at* https://www.nytimes.com/2025/03/01/business/dealbook/trump-gold-card-real-estate.html, (*last accessed* July 17, 2026) (*citing* AIIA, *AIIA FOIA Series: Updated I-526E Inventory Statistics for July 2024, available at* https://goaiia.org/aiia-foia-series-updated-i-526e-inventory-statistics-for-july-2024/ (*last accessed* July 17, 2026)).

EB-5 processing data available timely to the public.

73.    On June 2, 2026, Plaintiff submitted a new FOIA request, its "Sixth Request," to Defendant. Plaintiff requested that Defendant provide the following:

> **REQUEST 1**: A report of all I-526 and I-526E Immigrant Petitions by alien investors filed with USCIS, per month, from April 1, 2022 to May 31, 2026, further itemized by visa set aside category (rural, high unemployment, infrastructure, unreserved, multiple category selected) and country of chargeability for the following countries: China (Mainland), India, Vietnam, South Korea, Taiwan, Mexico, Brazil, Colombia, Russia, Singapore and Rest of the World.

> **REQUEST 2**: A report of all I-526 Immigrant Petition by Standalone Investor and I-526E Immigrant Petition by Regional Center Investor filed between April 1, 2022 to May 31, 2026 that have been approved as of May 31, 2026, further itemized by petitioner priority date (Month and Year), visa set aside category (rural, high unemployment, infrastructure, unreserved, multiple category selected), and country of chargeability: China (Mainland), India, Vietnam, South Korea, Taiwan, Mexico, Brazil, Colombia, Russia, Singapore and Rest of the World.

> **REQUEST 3**: A report of all I-526 Immigrant Petition by Standalone Investor and I-526E Immigrant Petition by Regional Center Investor filed between April 1, 2022 to May 31, 2026 that have been denied as of May 31, 2026, further itemized by petitioner priority date (Month and Year), visa set aside category (rural, high unemployment, infrastructure, unreserved, multiple category selected), and country of chargeability: China (Mainland), India, Vietnam, South Korea, Taiwan, Mexico, Brazil, Colombia, Russia, Singapore and Rest of the World.

> *See* **Exhibit A**, FOIA Request Letter.

74.    To date, Plaintiff has not received an Acknowledgment Letter from Defendant. It has been 31 business days since Plaintiff submitted the Sixth Request. Yet, Defendant has not sent Plaintiff an acknowledgment letter, made a determination on Plaintiff's FOIA request, produced the requested documents, or provided written notice to explain its delays.

75.    Plaintiff has made every reasonable effort to communicate with the Agency to facilitate production. For example:

   a.    On June 18, 2026, Plaintiff emailed the FOIA Office to follow up on the status of

14

the Acknowledgement Letter for the Sixth Request.

b.      On June 22, 2026, the FOIA Office replied to Plaintiff's email, stating that "Once [the] request is created you will receive an Acknowledgment Letter". *See* **Exhibit B**.

c.      On July 7, 2026, Plaintiff again emailed the FOIA Office to confirm that the FOIA Office received the Sixth Request, and to request the Acknowledgment Letter.

d.      On the same day, the FOIA Office responded to Plaintiff's email with the exact same message from their June 22, 2026 email.

76.    Due to the lack of meaningful communication from the FOIA Office, Plaintiff checked the status of the Sixth Request on USCIS's FOIA status check website[13]. Curiously, the website shows that the Sixth Request was received on June 2, 2026. *See* **Exhibit C.** Notably, the same webpage shows that the anticipated completion date is still listed as **July 13, 2026** but, upon information and belief, the Agency has not yet begun processing the request as of July 16, 2026. *Id.*

77.    At the time of this instant action, Defendant has failed to provide an Acknowledgment Letter, notify Plaintiff in writing of any unusual circumstances to explain its delay, or complete the Sixth Request.

## CAUSE OF ACTION

## COUNT I

**Violation of the Freedom of Information Act**
**Under 5 U.S.C. § 552(a)**

78.    Plaintiff re-alleges all allegations contained herein.

---

[13] USCIS offers FOIA request tracking, *available at* https://first.uscis.gov/#/check-status (*last accessed* July 17, 2026).

79.     Defendant failed to make a determination, and provide the reasons therefor, on the Sixth Request in violation of 5 U.S.C. § 552(a)(6)(A).

80.     Defendant failed to produce any of the requested records in violation of 5 U.S.C. § 552(a).

81.     Defendant failed to provide any legal justification for its failure to comply with 5 U.S.C. § 552(a).

82.     Because Defendant has failed to meet the statutory deadlines, Plaintiff is deemed to have exhausted all administrative remedies under 5 U.S.C. § 552(a)(6)(C).

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court:

A.     Declare that Defendant's failure to make determinations on Plaintiff's request and the subsequent withholding of the records requested is unlawful under the FOIA;

B.     Order Defendant to immediately produce and release the requested documents to Plaintiff by a date certain;

C.     Retain jurisdiction to ensure that Defendant provides Plaintiff all responsive records and that it lawfully and reasonably segregates portions of any exempt records sought in this action;

D.     Order USCIS to pay reasonable attorneys' fees pursuant to FOIA, the *Equal Access to Justice Act*, and/or any other provisions of law; and

E.     Enter and issue other relief that this Court deems just and proper.

Dated: July 17, 2026               Respectfully submitted,

                              */s/ Matthew T. Galati*
                              Matthew T. Galati
                              THE GALATI LAW FIRM, LLC

8080 Old York Rd.
Suite 204
Elkins Park, PA 19027
Telephone: (215) 309-1728
E-mail: matt@galati.law
D.D.C. Bar No. PA0093

*/s/ Alexandra L. George*
Alexandra L. George
THE GALATI LAW FIRM, LLC
8080 Old York Rd.
Suite 204
Elkins Park, PA 19027
Telephone: (215) 660-0393
E-mail: alex@galati.law
D.D.C. Bar No. IL0113

*Attorneys for Plaintiff*

17